1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SURESH ESWARAN,                      No.  2:25-cv-02282-DAD-CKD (PS)

12            Plaintiff,

13      v.                                FINDINGS AND RECOMMENDATIONS
                                          DENYING PLAINTIFF'S MOTION FOR
14   ROBERT MCTIGHE                       TEMPORARY RESTRAINING ORDER

15            Defendants.                 (ECF No. 2)

16

17

18          On August 12, 2025, pro se plaintiff Suresh Eswaran filed a fee-paid civil complaint and a

19   motion for a temporary restraining order under Federal Rule of Civil Procedure 65(b). (ECF Nos.

20   1, 2.) The presiding district judge referred the motion to the undersigned for issuance of findings

21   and recommendations on August 12, 2025. (ECF No. 8.) For the reasons set forth below, it is

22   recommended that plaintiff's motion for temporary restraining order be denied.

23   **I.    Background**

24          Plaintiff initiated this action on August 12, 2025 with a fee-paid complaint against

25   Defendant Colonel Robert McTighe, in his official capacity as the District Commander of the

26   United States Army Corps of Engineers, Sacramento District. (ECF No. 1.) Plaintiff brings claims

27   under the National Environmental Policy Act, the Administrative Procedure Act, the Public Trust

28   Doctrine, and for failure to provide adequate information against Defendant. (Id.)

                                              1

Plaintiff alleges that he lives adjacent to the American River, and is harmed by "Project 3B's" environmental impacts. (Id. ¶ 2.) Plaintiff states that Project 3B "involves removing 600+ mature trees and installing artificial revetments, threating the American River's ecosystem." (Id. ¶ 4.) Plaintiff states that the U.S. Army Corps of Engineers has already authorized and removed approximately 500 mature trees along the American River Parkway, causing ecological damage. (Id. ¶5.) According to plaintiff, the U.S. Army Corps of Engineers has not adequately disclosed, analyzed, or mitigated the environmental impacts of vegetation removal. (Id. ¶ 6; see id. ¶ 8.)

Also on August 12, 2025, plaintiff filed the motion for a temporary restraining order presently before the undersigned.[1] (ECF No. 2.) Plaintiff seeks to prevent Defendant in his official capacity, and all individuals acting in concert, from "commencing or continuing any operations, contracting, staging, surveying, enforcement, or physical alterations associated with Project 3B along the American River water system." (Id. ¶ 1.)

## II.    Legal Standard

The purpose of a temporary restraining order under Rule 65(b) of the Federal Rules of Civil Procedure is to preserve the status quo and to prevent irreparable harm "so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters, 415 U.S. 423, 439 (1974). In determining whether to issue a temporary restraining order, a court relies on the factors that guide the evaluation of a request for preliminary injunctive relief:  whether the moving party is (1) "likely to succeed on the merits," (2) "likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in [its] favor," and (4) "an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

---

[1]  On August 12, 2025, plaintiff filed a document titled "notice re assault" where he alleges that he was assaulted while attempting to serve defendant. (ECF No. 7.) In this document he states, "please strongly consider a TRO for Mr. Adams-myself please or some order abstaining US army Corps from me personally." (Id.) To the extent plaintiff is seeking another temporary restraining order, this is not the proper way to make this request.

Courts within this circuit may also consider a request for a temporary restraining order using a "sliding scale" test in which "a stronger showing of one element may offset a weaker showing of another." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). "[W]hen plaintiffs establish that the balance of hardships tips sharply in their favor, there is a likelihood of irreparable injury, and the injunction is in the public interest, they need only show 'serious questions' on the merits." Where Do We Go Berkeley v. California Dep't of Transp., 32 F.4th 852, 859 (9th Cir. 2022) (citing Alliance for the Wild Rockies, 632 F.3d at 1135).

However, likelihood of success on the merits is the most important Winter factor, and it is relevant to the court's evaluation of the other factors. See Baird v. Bonta, 81 F.4th 1036, 1044 (9th Cir. 2023). Without showing a likelihood of success on the merits, plaintiff also does not establish that the balance of equities tips in his favor, or that an injunction is in the public interest. See id.; Winter, 555 U.S. at 20-21.

The Eastern District of California's local rules impose specific requirements on those who request a temporary restraining order. See Local Rule 231. Among other things, these rules require "actual notice to the affected party and/or counsel" except in "the most extraordinary of circumstances." Local Rule 231(a). "Appropriate notice would inform the affected party and/or counsel of the intention to seek a temporary restraining order, the date and time for hearing to be requested . . . , and the nature of the relief to be requested." Id.

A court may issue a temporary restraining order "without written or oral notice to the adverse party" only if

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

When deciding whether to issue a temporary restraining order, the court may rely on declarations, affidavits, and exhibits, among other things. See Johnson v. Couturier, 572 F.3d

3

1067, 1083 (9th Cir. 2009). This evidence need not conform to the standards that apply at

summary judgment or trial. Id.; Flynt Distrib. Co. v. Harvey, 734 F.2d 1389, 1394 (9th Cir.

1984).

**III.    Analysis**

      **A.  Plaintiff's Motion Is Procedurally Deficient**

As a preliminary matter, plaintiff has not satisfied the requirements of Federal Rule of

Civil Procedure 65 or Local Rule 231 governing applications for temporary restraining orders.

First, plaintiff has not filed a brief on all relevant legal issues presented by the motion. Second,

while plaintiff filed a proposed order (ECF No. 2 at 17), the proposed order does not contain a

provision for a bond, or blanks for fixing the date for the filing of responsive papers, the amount

of the bond, if any, as required by this Court's Local Rules (see Local Rule 231(c)(6)-(7)). Third,

the proposed order does not notify the affected party of the right to apply to the Court for

modification or dissolution on two days' notice or such shorter notice as the Court may allow. See

Local Rule 231(c)(8). Fourth, plaintiff has not filed an "affidavit detailing notice, or efforts to

effect notice to the affected parties or counsel or showing good cause why notice should not be

given[.]" Local Rule 231(c)(5). While plaintiff responded in the temporary restraining order

checklist that there was notice to the affected party (ECF No. 2-1at 1), plaintiff has not provided

an affidavit detailing this notice or describing the efforts plaintiff took to effect notice. Plaintiff

also stated in the motion that notice to Defendant is not practicable "due to imminent

commencement of irreversible operations, evidence by helicopter airlifts on August 6, 2025,"

indicating notice was not provided. (ECF No. 2 at 1.) The motion for a temporary restraining

order is therefore procedurally defective. See Fed. R. Civ. P. 65(b)(1); Local Rule 231.

Courts regularly deny temporary restraining orders for failing to comply with the stringent

requirements of Rule 65(b)(1), including those sought by pro se plaintiffs. See Reno Air Racing

Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006) ("courts have recognized very few

circumstances justifying the issuance of an ex parte [temporary restraining order"); Abdel-Malak

v. Doe, 2020 WL 5775818, at *1 (C.D. Cal. Feb. 20, 2020) (denying temporary restraining order

sought by pro se plaintiff for failure to satisfy Rule 65(b)'s "strict requirements"). In addition,

4

1    plaintiff's failure to comply with the Local Rules' requirements for temporary restraining orders

2    is sufficient justification to deny the motion. See Nible v. Macomber, 2024 WL 2133319, at *2

3    (E.D. Cal. May 13, 2024) (denying temporary restraining order sought by pro se plaintiff as

4    procedurally deficient); see, e.g., Tri-Valley CAREs v. U.S. Dep't of Energy, 671 F.3d 1113,

5    1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is

6    well within a district court's discretion.").

7            Therefore, the Court will recommend denial of the temporary restraining order motion

8    based on these procedural deficiencies.

9                    **B.  Plaintiff Has Not Clearly Shown a Likelihood of Success of the Merits**

10           The Court also examines the first and most important Winter factor:  likelihood of success

11   on the merits. Because the first Winter factor of likelihood of success is a threshold inquiry and

12   the most important factor, a "court need not consider the other factors" if a movant fails to show a

13   likelihood of success on the merits. Baird, 81 F.4th at 1040 (citation omitted); see Garcia v.

14   Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015). Although pro se pleadings are liberally

15   construed, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), they are still required to conform

16   to the Federal Rules of Civil Procedure. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995).

17           Plaintiff has not demonstrated likelihood of success on the merits. Plaintiff brings four

18   causes of action, but does not furnish the Court with any legal authority or evidence supporting

19   plaintiff's claims. Plaintiff's allegations are conclusory and do not demonstrate that he is likely to

20   succeed on the merits. Plaintiff states that the U.S. Army Corps of Engineers violated the

21   National Environmental Policy Act by failing to adequately analyze climate impact, evaluate

22   natural alternative, and consider cumulative effects, but does not provide sufficient facts or details

23   supporting these claims. (See ECF No. 1 ¶ 8.) Plaintiff also states that "[a]ctions are arbitrary

24   under [the Administrative Procedure Act], as projects fail to reduce flood risk despite claims:

25   Sacramento remains among the nation's most at-risk metropolitan areas with aging levees and

26   persistent vulnerabilities" but again does not provide sufficient facts or details supporting these

27   claims. (See id. ¶ 9.) The Court therefore also recommends denying plaintiff's motion for failing

28   to establish the likelihood of success on the merits.

**C.  Plaintiff Does Not Establish Likelihood of Irreparable Harm**

Plaintiff also does not establish the likelihood that plaintiff will suffer irreparable harm in the absence of preliminary relief. Plaintiff requests relief to prevent defendant in his official capacity and others associated with him from "commencing or continuing any operations, contracting, staging, surveying, enforcement, or physical alterations associated with Project 3B along the American River water system." (ECF No. 2 ¶ 1.) Plaintiff states that there is "imminent commencement of irreversible operations, evidenced by helicopter airlifts on August 6, 2025." (ECF No. 2 at 1.) Plaintiff also states that environmental injury has already occurred and "again is imminent and irreversible" because "mature trees and riparian habitat cannot be replaced within human lifespans." (Id. ¶ V.2.) However, nothing in the motion suggests plaintiff is at risk of any irreparable harm in the absence of preliminary relief. Plaintiff states that he contacted the U.S. Army Corps of Engineers on January 18, 2024—almost nineteen months ago. (ECF No. 2 at 1.) The letter plaintiff attached to the complaint is also dated January 2024. (ECF No. 1 at 4.) This nineteen-month delay indicates that any potential injury is not immediate. A plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief. Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1201 (9th Cir. 1980). Here, plaintiff's motion does not allege the type of irreparable harm necessary for a preliminary injunction. See FDIC v. Garner, 125 F.3d 1272, 1279 (9th Cir. 1997) (the threat of injury "must be imminent, not remote or speculative" (citation omitted)), cert. denied, Garner v. FDIC, 523 U.S. 1020 (1998); Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction.").

**IV.    Conclusion and Recommendation**

For the reasons set forth above, IT IS HEREBY RECOMMENDED that plaintiff's motion for temporary restraining order (ECF No. 2) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written

1    objections with the court and serve a copy on all parties. Such a document should be captioned

2    "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

3    shall be served on all parties and filed with the court within seven (7) days after service of the

4    objections. Failure to file objections within the specified time may waive the right to appeal the

5    District court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951

6    F.2d 1153, 1156-57 (9th Cir. 1991).

7    Dated:  08/13/25

8                                            _____
                                             CAROLYN K. DELANEY
9                                            UNITED STATES MAGISTRATE JUDGE

10   5, eswa.2282.25